WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re Application of Ontario Principals' Council, Gordana Stefulic, Vivian Mavrou and Varla Abrams,<br><br>Applicants. | No. MC-14-00050-PHX-SPL<br><br>**ORDER** |

Ontario Principals' Council, Gordana Stefulic, Vivian Mavrou, and Varla Abrams (collectively "Applicants") have filed an *ex parte* application under 28 U.S.C. § 1782 for leave to conduct discovery in the District of Arizona for use in contemplated litigation in Ontario, Canada, and for an order protecting disclosure of such discovery. (Doc. 1.) For the reasons that follow, the Court will deny the application.

**I.   Background**

Applicants are comprised of a professional association of elementary and secondary school professionals, a member of that association, and school administrators in Ontario, Canada. Applicants allege that they have been the target of defamatory comments anonymously posted on Topix, LLC ("Topix") websites, accusing them of acts of misconduct and illegal activity, including sexual acts involving minor students. Applicants refute the allegations and seek to bring a defamation suit against the online posters in Canada.

Applicants have obtained certain internet protocol ("IP") addresses associated with Topix user postings. (Doc. 2 at 3.) Applicants assert that Giglinx, an internet service provider ("ISP") incorporated in Arizona, was linked to three of the user IP addresses

disclosed: (1) "No communists allowed," 69.31.103.138; (2) "ChrisCopyPasta," 198.144.116.133; and (3) "snail," 69.22.184.106. (Doc. 2 at 4, 15-17, 37-58.)[1] Applicants move this Court to subpoena Giglinx to identify the subscribers of those IP addresses.

## II. Legal Standard

Under 28 U.S.C. § 1782, a district court may order a person residing within its district to produce documents for use in a foreign legal proceeding. The statute provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

Although 18 U.S.C. § 1782 does not categorically require that the information sought would be discoverable under the law governing the foreign proceeding or analogous domestic litigation, a "district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S.

---

[1] The Court notes the tracking information provided by Applicants indicates "ISP: nLayer Communications." (Doc. 2 at 42-43.) However, Giglinx appears to be the ISP organization to which the IP addresses were reassigned by nLayer Communications for use in their internal networks. *See e.g.,* http://whois.arin.net/rest/net/ NET-69-22-184-0-1.

2

at 263-4. In considering whether to grant a 28 U.S.C. § 1782 request, a district court considers several factors: (1) whether the "person from whom discovery is sought is a participant" in the foreign case; (2) the nature and character of the foreign proceeding, and whether the foreign court is receptive to judicial assistance from the United States; (3) whether the discovery request is an attempt to avoid foreign evidence-gathering restrictions; and (4) whether the discovery request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-66 (2004).

### III. Analysis

#### A. Satisfaction of Statutory Requirements

Applicants meet the statutory requirements of 28 U.S.C. § 1782. Giglinx is located in Scottsdale, Arizona and Applicants are interested persons who intend to seek relief by commencing suit in Ontario, Canada. In order to apply for discovery pursuant to 28 U.S.C. § 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent, as is the case here. *Intel Corp.,* 542 U.S. at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at 259 (holding that discovery was proper under § 1782 even though the applicant's complaint against the opposing party was only in the investigative stage). Further, an *ex parte* application is an acceptable method for seeking discovery pursuant to 28 U.S.C. § 1782. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

#### B. Satisfaction of Discretionary Factors

In considering the *Intel* factors, discovery is sought from Giglinx, which will not be a participant to the foreign proceedings. The evidence may be unattainable by the Canadian court but would be within this district court's jurisdiction and accessible in the United States. *Intel Corp*., 542 U.S. at 264. Nothing in Applicants' request suggests it is an attempt to circumvent foreign proof-gathering restrictions, nor does the Court find the

request runs afoul of policy of the United States. *See id.* at 265. Further, in considering the nature and character of the foreign investigation, the information sought has the potential to be relevant to the contemplated proceedings. However, while Applicants generally satisfy these first *Intel* factors, the Court concludes they are significantly outweighed by the burden of the request.

First, the Court is unable to determine the terms of the discovery sought by Applicants because their proposed subpoena names companies and IP addresses not subject to the instant Giglinx request. (*See* Doc. 1-1, "Attachment 1.") Second, assuming *arguendo* that the attached subpoena is merely a filing error, Applicants have nonetheless failed to show any reasonable likelihood that the subpoenaed party would have the information they are seeking, in that, they have not shown that Giglinx's disclosures would uncover the identity of any actual defendant online user. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Applicants show nothing to demonstrate that the Giglinx subscriber and the defendant Topix user will be the same individual. The potential to draw numerous innocent internet users into the litigation, placing a burden upon them, outweighs Applicants' need for the discovery. Granting Applicants the form of relief that it seeks would impermissibly allow them to subpoena an ISP to obtain the detailed personal information of unknown numbers of unrelated individuals that Applicants could never make party to its foreign suit and potentially subject them to onerous, invasive discovery. This risk is evident by Applicants' failure to previously obtain this information despite the series of other similar discovery requests sought in other district courts throughout the United States. *See In re ex parte Application of Ontario Principals' Council*, 5:13–mc–80237–LHK–PSG, 2013 WL 6073517 (N.D. Cal. Nov. 8, 2013); *In re Application of Ontario Principals' Council*, 2:13-mc-00120-LKK-KJN, 2013 WL 6844545 (E.D. Cal. Dec. 23, 2013); *In Re Application of Ontario Principals' Council,* 5:14-mc-80186-BLF (N.D. Cal. Jun. 18, 2014). Therefore, the Court declines to exercise its discretion and will deny the application. Accordingly,

1   **IT IS ORDERED** that the *ex parte* application (Doc. 1) is **denied**.

2   **IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

3   Dated this 1st day of August, 2014.

*[Signature]*
Honorable Steven P. Logan
United States District Judge